TROUTMAN PEPPER LOCKE LLP
Jared D. Bissell, Bar No. 272687
jared.bissell@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858.509.6000
Facsimile: 858.509.6040

Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Rushmore Servicing (*erroneously sued as Nationstar Mortgage, LLC*); J.P. Morgan Mortgage Acquisition Corp.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL L. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JP MORGAN MORTGAGE ACQUISITION CORP; NATIONSTAR MORTGAGE, LLC; and DOES 1-10, inclusive<br><br>        Defendants. | Case No. 2:25-cv-00980-CKD<br><br>**DEFENDANTS NATIONSTAR MORTGAGE LLC DBA RUSHMORE SERVICING AND J.P. MORGAN MORTGAGE ACQUISITION CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**COMES NOW** Defendants; Nationstar Mortgage LLC d/b/a Rushmore Servicing (*erroneously sued as Nationstar Mortgage, LLC*) ("Rushmore") and J.P. Morgan Mortgage Acquisition Corp. ("J.P. Morgan;" collectively, with Rushmore, "Defendants"), by and through their undersigned counsel, and answers the Complaint file by Plaintiff, Marcelino Carrillo ("Plaintiff"), and, further, hereby asserts its affirmative defenses, counterclaims, and crossclaims as follows:

## **PARTIES**

1.   Defendants admit only that Plaintiff resides in the State of California. The allegations in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied. Otherwise, Defendant is without knowledge or information sufficient

1  to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendants admit only that Nationstar is licensed to do—and does—business in California. The allegations in Paragraph 2 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

3. Defendants admit only that J.P. Morgan is licensed to do—and does—business in California and that J.P. Morgan is the current beneficiary of the mortgage loan that is the subject of the allegations. Further, the allegations in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

4. Paragraph 4 of the Complaint does not contain any factual allegations and, instead, merely indicates how Plaintiff intends to reference doe defendants. Therefore, no response is necessary.

5. The allegations in Paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

6. The allegations in Paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

**JURISDICTION AND VENUE**

7. The allegations in Paragraph 6 of the Complaint contain a general description of the Complaint to which no response is required. Defendants admit that Plaintiff seeks damages against Defendants. Defendants deny that Plaintiff is entitled to any relief requested in the Complaint, or any relief whatsoever, as to the Defendants. Paragraph 6 of the Complaint further states conclusions of law, and; to the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants; they are denied.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

8. The allegations in Paragraph 7 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

9. The allegations in Paragraph 8 of the Complaint contain a general description of the Complaint to which no response is required. Defendants admit that Plaintiff seeks damages against Defendants. Defendants deny that Plaintiff is entitled to any relief requested in the Complaint, or any relief whatsoever, as to the Defendants. Paragraph 9 of the Complaint further states conclusions of law, and; to the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants; they are denied.

## **GENERAL AND FACTUAL ALLEGATIONS**

10. The allegations in Paragraph 10 of the Complaint refer to a document that speaks for itself to which no response is required. To the extent that the allegations are contrary to the document, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

11. The allegations in Paragraph 11 of the Complaint refer to documents that speak for themselves to which no response is required. To the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

12. The allegations in Paragraph 12 of the Complaint refer to a document that speaks for itself to which no response is required. To the extent that the allegations are contrary to the document, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

13. The allegations in Paragraph 13 of the Complaint refer to a document that speaks for itself to which no response is required. To the extent that the allegations are contrary to the document, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

14. The allegations in Paragraph 14 of the Complaint refer to a document that speaks for itself to which no response is required. Further, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and to the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

15. The allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18. The allegations in Paragraph 18 of the Complaint are denied.

## CAUSE OF ACTION/REMEDIES

## FIRST CAUSE OF ACTION

## VIOLATION OF CIV. CODE § 2923.5; FAILING TO NOTIFY THE HOMEOWNER ABOUT POSSIBLE FORECLOSURE AND TO WAIT 30 DAYS AFTER NOTICE TO RECORD A NOTICE OF DEFAULT

(Against All Defendants)

19. Defendants restate and incorporate its responses to Paragraphs 1 through 18 above as though fully set forth herein.

20. Paragraph 20 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

21. The allegations in Paragraph 21 of the Complaint refer to a document that speaks for itself to which no response is required. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and to the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

22. Paragraph 22 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

23. The allegations in Paragraph 23 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIV. CODE § 2923.6(C), FAILURE TO RESCIND FORECLOSURE EFFORTS AFTER LOAN MODIFICATION FILED

(Asserted Against All Defendants)

24. Defendants restate and incorporate its responses to Paragraphs 1 through 23 above as though fully set forth herein.

25. The allegations in Paragraph 25 of the Complaint refer to documents that speak for themselves to which no response is required. To the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. The allegations in Paragraph 27 of the Complaint refer to a document that speaks for itself to which no response is required. To the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

28. Paragraph 28 of the Complaint, including all subparagraphs, state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

29. Paragraph 29 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

30. The allegations in Paragraph 30 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## **THIRD CAUSE OF ACTION**

## **VIOLATION OF CAL. CIV. CODE § 2923.7 – FAILURE TO ASSIGN A SINGLE POINT OF CONTACT**

(Against All Defendants)

31. Defendants restate and incorporate its responses to Paragraphs 1 through 30 above as though fully set forth herein.

32. The allegations in Paragraph 32 of the Complaint refer to a document that speaks for itself to which no response is required. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and to the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

33. The allegations in Paragraph 33 of the Complaint are denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, denies the same.

35. Paragraph 35 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

36. The allegations in Paragraph 36 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

///

///

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIV. CODE § 2923.7, FAILURE TO PROVIDE HOMEOWNER WITH FORECLOSURE ALTERNATIVES

(Against All Defendants)

37. Defendants restate and incorporate its responses to Paragraphs 1 through 36 above as though fully set forth herein.

38. The allegations in Paragraph 38 of the Complaint refer to a document that speaks for itself to which no response is required. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and to the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, therefore, denies the same.

41. The allegations in Paragraph 41 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CIV. CODE § 2923.6(E)(1)-(2)-FAILURE TO PROVIDE RIGHT TO 30 DAY APPEAL AFTER LOAN MODIFICATION APPLICATION DENIED

(Against All Defendants)

42. Defendants restate and incorporate its responses to Paragraphs 1 through 41 above as though fully set forth herein.

43. The allegations in Paragraph 43 of the Complaint refer to a document that speaks for itself to which no response is required. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the

Complaint and to the extent that the allegations are contrary to the documents, make improper legal conclusions about the content of the document, or infer wrongdoing on the part of Defendants, they are denied.

44. The allegations in Paragraph 44 of the Complaint, including subparagraphs a-d, state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

45. The allegations in Paragraph 45 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

46. The allegations in Paragraph 46 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE §17200, ET SEQ.

(Against All Defendants)

47. Defendants restate and incorporate its responses to Paragraphs 1 through 46 above as though fully set forth herein.

48. Defendants admit only that Nationstar is the servicer to Plaintiff's loan and that J.P. Morgan is the current beneficiary of the mortgage loan that is the subject of the allegations. Further, the allegations in Paragraph 48 of the Complaint state conclusions of law to which no response is required. To the extent that the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

49. The allegations in Paragraph 49 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

50. The allegations in Paragraph 50 of the Complaint are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

51. The allegations in Paragraph 51 of the Complaint are denied.

52. The allegations in Paragraph 52 of the Complaint, including subparagraphs a-e, are denied.

53. The allegations in Paragraph 53 of the Complaint are denied.

54. The allegations in Paragraph 54 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

55. The allegations in Paragraph 55 of the Complaint are denied.

56. The allegations in Paragraph 56 of the Complaint are denied.

57. The allegations in Paragraph 57 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

58. The allegations in Paragraph 58 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## SEVENTH CAUSE OF ACTION
## WRONGFUL FORECLOSURE

(Against All Defendants)

59. Defendants restate and incorporate its responses to Paragraphs 1 through 58 above as though fully set forth herein.

61. The allegations in Paragraph 61[1] of the Complaint are denied.

62. The allegations in Paragraph 62 of the Complaint are denied.

63. The allegations in Paragraph 63 of the Complaint are denied.

///

///

---

[1] Plaintiff failed to include any paragraph number 60 in the Complaint and, as such, the instant Answer goes from paragraph 59 directly to paragraph 61.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

64. The allegations in Paragraph 64 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

65. The allegations in Paragraph 65 of the Complaint are denied.

66. The allegations in Paragraph 66 of the Complaint are denied.

67. The allegations in Paragraph 67 of the Complaint state conclusions of law to which no response is required. To the extent the allegations are contrary to law, or infer wrongdoing on the part of Defendants, they are denied.

68. The allegations in Paragraph 68 of the Complaint contain a general description of the remedies sought in the Complaint to which no response is required. To the extent a response is required, Defendants deny that Plaintiff was damaged or is entitled to any relief requested in the Complaint, or any relief whatsoever, as to Defendants.

## PRAYER FOR RELIEF

The remaining paragraphs in the Complaint consist of a prayer for relief, to which no answer is required. To the extent an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in Paragraphs 1 through 6 of Plaintiff's Prayer for Relief set forth in paragraphs immediately following Paragraph 68 of the Complaint, or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, and without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants plead the following defenses to the Complaint.

### First Affirmative Defense

Plaintiff's claims in the Complaint fail to the extent Plaintiff does not set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief, from Defendants.

### Second Affirmative Defense

Plaintiff cannot recover from Defendants to the extent that any damages that Plaintiff may have suffered, or will suffer, as alleged in the Complaint—which Defendants continue to deny—resulted from Plaintiff's own acts and/or omissions, and not by Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### Third Affirmative Defense

Plaintiff cannot recover from Defendants to the extent that any damages that Plaintiff may have suffered, or will suffer, as alleged in the Complaint—which Defendants continue to deny—have been, and will be, proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom Defendants had no control, and for whom Defendants are not responsible, which bars or diminishes any recovery by Plaintiff against Defendants.

### Fourth Affirmative Defense

Plaintiff's allegations in the Complaint fail to show that any alleged acts or omissions of Defendants caused the injuries or damages claimed by Plaintiff in the Complaint—which Defendants continue to deny.

### Fifth Affirmative Defense

Plaintiff's alleged damages, if any—which Defendants continues to deny—were caused, in whole or in part, by non-parties who Plaintiff have failed to join to this action.

### Sixth Affirmative Defense

The acts or omissions alleged in the Complaint were justified.

### Seventh Affirmative Defense

Plaintiff ratified, or consented to, the actions and conduct of Defendants.

### Eighth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the Statute of Frauds.

### Ninth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations as to Plaintiff's claims.

### Tenth Affirmative Defense

Plaintiff's claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**Eleventh Affirmative Defense**

Plaintiff's claims in the Complaint are barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

**Twelfth Affirmative Defense**

Plaintiff's claims in the Complaint are barred, in whole or in part, by the equitable theories of estoppel, waiver, and laches.

**Thirteenth Affirmative Defense**

Some, or all, of Plaintiff's claims in the Complaint are barred by the applicable provisions of the contracts, policies, and/or agreements at issue.

**Fourteenth Affirmative Defense**

Plaintiff materially breached and/or failed to perform the promises and/or conditions, express and/or implies, of any contract between the Parties, thereby preventing Defendants' performance and discharging any obligation on the part of Defendants.

**Fifteenth Affirmative Defense**

Plaintiff's claims in the Complaint are barred, in whole or in part, because Defendants did not owe a duty of care to Plaintiff.

**Sixteenth Affirmative Defense**

Plaintiff cannot recover from Defendants under the Complaint because Plaintiff has not suffered any actual damages and did not sustain an actual injury-in-fact.

**Seventeenth Affirmative Defense**

Plaintiff alleged damages, if any, which Defendants continue to deny, are speculative or uncertain and, therefore, are not compensable.

**Eighteenth Affirmative Defense**

Any and all harm alleged by Plaintiff—which Defendants continue to deny—can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained, if any.

///

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**NineteenthAffirmative Defense**

At all times relevant, Defendants met or exceeded the requirements of applicable laws, regulations, and standards applicable to it.

**Twentieth Affirmative Defense**

At all times relevant, Defendants acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

**Twenty-first Affirmative Defense**

At all times relevant, Defendants acted in good faith and in conformance with reasonable commercial standards to protect its economic interest, thus precluding any recovery by Plaintiff.

**Twenty-second Affirmative Defense**

Any alleged acts or omissions of Defendants that give rise to Plaintiff's causes of action were unintentional or the result of bone fide error notwithstanding the maintenance of policies and procedures reasonably adopted to avoid such errors.

**Twenty-third Affirmative Defense**

Should Plaintiff prevail against Defendants, Defendants' liability is several and limited to its own actionable segments of fault, if any.

**Twenty-fourth Affirmative Defense**

Defendants are entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiffs' recovery.

**Twenty-fifth Affirmative Defense**

Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

**Twenty-sixth Affirmative Defense**

Plaintiff's claims in the Complaint are barred, in whole or in part, to the extent that the claims or relief sought is moot.

**Twenty-seventh Affirmative Defense**

Plaintiff's claims, to the extent they seek damages attributable to credit or credit reporting, are preempted and the doctrine of preemption bars any such claims.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**Twenty-eighth Affirmative Defense**

Pursuant to Fed. R. Civ. P. 15, Defendants reserve the right to assert additional defenses at such time and to such extent as warranted by discovery and additional factual developments of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. Plaintiff take nothing by way of the Complaint;

2. That this action be dismissed in its entirety;

3. That Defendants be awarded its costs of suit and attorneys' fees incurred herein; and

That Defendants be granted such other relief as the Court deems just and proper.

Dated: April 4, 2025          TROUTMAN PEPPER LOCKE LLP

*/s/ Jared D. Bissell*
Attorneys for Defendants
Nationstar Mortgage LLC d/b/a Rushmore Servicing (*erroneously sued as Nationstar Mortgage, LLC*); J.P. Morgan Mortgage Acquisition Corp.